IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REMMY AZEH,                          §
                                     §
            Plaintiff,               §
                                     §
V.                                   §            No. 3:25-cv-1832-K-BN
                                     §
EASTERN REVENUE, INC.,               §
                                     §
            Defendant.               §

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY
AS TO MOTION TO ENFORCE SETTLEMENT**

*Pro se* plaintiff Remmy Azeh filed this lawsuit that includes claims under the

Fair Credit Reporting Act, a federal statute, in a state court in Kaufman County,

Texas, and Defendant Eastern Revenue, Inc. ("ERI") removed, asserting subject

matter jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed lawsuit to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

On April 29, 2026, ERI moved to enforce a settlement that ERI claims the

parties reached on May 14, 2025, prior to Azeh's filing this lawsuit in state court on

June 16, 2025. *See* Dkt. No. 29.

As to its motion to enforce settlement, ERI asserts that, because the Court is

"sitting in diversity, … the law of the forum state" applies, and, so, "Texas law applies

to this case and Texas Rule of Civil Procedure 11 ('Rule 11') controls." Dkt. No. 29 at

3 (citation omitted); *see also Bank of Am., N.A. v. Ztar Mobile, Inc.*, No. 3:23-cv-826-

BN, 2025 WL 642052, at *1 (N.D. Tex. Feb. 27, 2025) ("'A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement,' and, '[s]ince Texas law applies to this case, Texas Rule of Civil Procedure 11 controls.'" (quoting *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013); citing *Miller v. Clark Sharp & Reynolds LLC*, No. 4:23-cv-904-O, 2024 WL 3823535, at *2 (N.D. Tex. Mar. 5, 2024))).

But the Court is not "sitting in diversity" where ERI removed this lawsuit solely based on the existence of a federal question. *See* Dkt. No. 1, ¶ 4 ("The State Court Action involves a question of federal law. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (cleaned up)); *see also id.* at 1-3 (raising no allegations to establish jurisdiction under 28 U.S.C. § 1332).

And which law applies – federal law or Texas's Rule 11 – usually does not make a difference where, like here, a defendant does not seek to enforce an oral agreement. *See Omoloh v. Bank of Am., N.A.*, No. 4:17-cv-160-O-BP, 2017 WL 2616006, at *3 (N.D. Tex. May 16, 2017) ("[T]he dispositive difference between the two standards as applicable to the instant case is that '[f]ederal law does not require settlement agreements to be reduced to writing.'" (quoting *E.E.O.C. v. Phillip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (per curiam)))), *rec. accepted*, 2017 WL 2599194 (N.D. Tex. June 15, 2017); *accord Peacock v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-cv-03945, 2022 WL 1185173, at *2-*3 (S.D. Tex. Apr. 19, 2022), *rec. adopted*, 2022 WL 2176740

(S.D. Tex. June 16, 2022).

But Texas's Rule 11 may not apply here to the extent that ERI seeks to enforce a settlement reached prior to Azeh's filing this lawsuit.

Rule 11 "provides that 'no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record,'" and, so Rule 11 "applies only to agreements concerning a pending suit." *Est. of Pollack v. McMurrey*, 858 S.W.2d 388, 393 (Tex. 1993) (cleaned up); *accord Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 525 (Tex. App. 2011) ("By its own terms, the rule applies only to pending suits." (citing *Pollack*, 858 S.W.2d at 393)); *Carter v. Allstate Ins. Co.*, 962 S.W.2d 268, 271 (Tex. App. 1998) (same).

Whether this pending-suit requirement also applies under federal law is a question that the Court has not researched.

Instead, the Court will offer ERI an opportunity to, by **May 15, 2026**, re-file its motion under the correct legal authority and provide its view on that issue.

After that, the Court will set a briefing schedule requiring Azeh to respond and allowing ERI an opportunity to reply.

SO ORDERED.

DATE: April 30, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 3 -