IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REMMY AZEH,                          §
                                     §
        Plaintiff,                   §
                                     §
V.                                   §        No. 3:25-cv-1832-K-BN
                                     §
EASTERN REVENUE, INC.,               §
                                     §
        Defendant.                   §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this lawsuit that United States District Judge Ed Kinkeade has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, the Court, on February 26, 2026, granted motions for extension [Dkt. Nos. 24 & 26] filed by Defendant Eastern Revenue, Inc. ("ERI") and extended the unexpired deadlines to complete discovery (to March 31, 2026) and to file dispositive motions (to April 30, 2026), *see* Dkt. No. 28, but the deadline to move for leave to amend the pleadings expired (without any request for extension) on September 15, 2025, *see* Dkt. No. 16, ¶ 3.

ERI nevertheless moved on May 15, 2025 for leave to file an amended answer, to add the affirmative defense of release, *see* Dkt. No. 36, and for leave to file a second motion for summary judgment, to address that defense, *see* Dkt. No. 37. Plaintiff Remmy Azeh responded in opposition. *See* Dkt. Nos. 38 & 39. And ERI filed a reply brief. *See* Dkt. No. 45.

And, because the undersigned finds that the Court should deny the motions for

leave, a finding that would effectively deny ERI its affirmative defense of release, the undersigned enters these findings of fact, conclusions of law, and recommendation as to the motions. *See In re Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-mc-24-D-BN, 2024 WL 4309481, at *3 (N.D. Tex. Aug. 8, 2024) (comparing various motions and observing, in applicable part, that motions considered to be not dispositive are those that are "not listed in 28 U.S.C. § 636(b)(1)(A) and do not have an identical effect to, or amount to the functional equivalent of, one of the listed motions" (citations omitted)), *rec. adopted sub nom. In re Application of Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-mc-24-D, 2024 WL 4314985 (N.D. Tex. Sept. 26, 2024).

### Discussion

As explained in the initial scheduling order, "[t]he deadlines set forth in this order will not be modified except on written motion for good cause shown." Dkt. No. 16, ¶ 10 (citing FED. R. CIV. P. 16(b)(4)).

This "'good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' Failure to meet that threshold is a sufficient reason to [deny a Rule 16(b)(4) motion]." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

Put another way, the threshold diligence that must be demonstrated under Rule 16(b)(4) is to answer why an existing deadline could not reasonably be met despite the movant's acting diligently to meet that deadline. That's a specific showing,

not an amorphous demonstration of overall diligence.

So, to grant ERI's motions under Rule 16(b)(4), it must explain why it could not reasonably have moved to amend its answer by September 15, 2025 and why it could not reasonably have moved for summary judgment as to the release affirmative defense by April 30, 2026.

ERI fails to make these threshold showings. As it explains on reply,

> Plaintiff first argues that ERI does not have good cause under Rule 16 because "[f]ailure to timely plead a known defense does not constitute diligence under Rule 16." *See* Doc. 38 at p. 2. ERI's Motion clarifies that ERI, in lieu of filing a second Motion to Enforce Settlement, which this Honorable Court granted leave to amend, instead now seeks to raise the affirmative defense of release in its Answer merely to assert the same argument it already raised in its Motion to Enforce Settlement. Plaintiff's claims that ERI did not act diligently are not supported by ERI's filings or the record. ERI sought discovery on the settlement negotiations at issue, filed a Motion to Enforce Settlement, and deposed Plaintiff about the settlement agreement he entered into with ERI. ERI further reserved its right to assert additional affirmative defenses that may arise in discovery. Any argument that ERI had "all facts" relating to the settlement negotiations is wholly false, and indeed, during discovery Plaintiff denied that he agreed to any settlement. Plaintiff's false statements during discovery are, of course, now completely contradicted by his judicial admission that he did agree to the settlement terms. Plaintiff leaves out from their opposition that at every turn, ERI was pursuing information related to settlement negotiations.

Dkt. No. 45 at 4-5.

That "ERI sought discovery on the settlement negotiations at issue, filed a Motion to Enforce Settlement," "deposed Plaintiff about the settlement agreement he entered into with ERI," and "reserved its right to assert additional affirmative defenses that may arise in discovery" does not demonstrate why it could not have reasonably met the existing deadlines. These are simply generalized assertions of

diligence. But the question is not whether ERI has defended this case. Because it has.

Relatedly, ERI admits that its theory of release is based on an email that Azeh sent on May 14, 2025 but that it needed to depose Azeh (which it did not do until March 12, 2026) before it could assert the release affirmative defense. *See id.* at 5 (Azeh's "later deposition testimony admitted that, in fact, he was the one who sent the May 14, 2025 email accepting the settlement, though he still tried to mischaracterize this as 'expressing a willingness to settle.' It was impossible to know of Plaintiff's 'legal theory' or characterization of what he wrote on May 14, 2025 until his deposition because he had only stated in written discovery that he had not agreed to settle (which by the plain words of the email Plaintiff sent ERI on May 14, 2025, confused ERI).").

But, again, ERI does not explain why Azeh was not deposed sooner, to meet the existing deadline to amend, if it suspected that it could assert an affirmative defense of release, or why it did not move to extend that deadline if it suspected that it needed to amend its answer to add this affirmative defense, or even why it did not move to extend the dispositive motion deadline after it deposed Azeh on March 12, 2026.

And, so ERI's motions requesting extensions under Rule 16(b)(4) should be denied.

### Recommendation

The Court should deny Defendant Eastern Revenue, Inc.'s motion for leave to file an amended answer [Dkt. No. 36] and motion for leave to file a second motion for

summary judgment [Dkt. No. 37].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 3, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE